### JOHNSON *v.* THE FRANK S. HALL.

*(District Court, D. North Carolina.* March 15, 1889.

1. SEAMEN—WAGES.

Libelant shipped on board a vessel, it being understood that he was to perform services generally in return for his transportation and board. Afterwards, in the absence of the regular cook, who had told libelant, though without authority, to take his place, the libelant performed services as cook. *Held,* that libelant could recover on a *quantum meruit* for what such services were actually worth.

2. SAME.

A special contract which the libelant signed as instructed by the captain of the vessel, after he had commenced work as cook, and by which he agreed to work for a nominal sum, was held invalid, the libelant being unable to read, and the contract not being read to him, nor any information given to him as to its contents.

In Admiralty.

*D. W. Stevenson,* for libelant.

*Clark & Clark,* for claimant.

SEYMOUR, J. This is a suit by the libelant for wages as cook on the schooner Frank S. Hall on a voyage from Philadelphia to Morehead City. Libelant, who lives in Stonewall, N. C., had shipped as a cook from that place to Philadelphia, and, desiring to return home, had applied to the master of the Frank S. Hall, which was understood to be bound for Stonewall, for passage. The latter agreed to take him back. No precise contract appears to have been made, but it seems to have been understood that Johnson was to pay nothing and receive no pay, but was to perform services generally as a return for his transportation and board. Afterwards, and while the schooner was at anchor at Newcastle, the cook was taken sick, and left the vessel. Before he went he told libelant to take his place, and that he would be paid his wages, which were $25 a month. The master of the vessel said nothing to libelant about wages, and the former cook had no authority to make any promise to him which would bind the vessel, but he went to work and served as cook during the voyage, which was a very tempestuous one, and lasted for 20 days, the schooner having been blown far out of her course by the great storm of November last. There being no contract as to services, the libelant would have been entitled to be paid on a *quantum meruit* for what he was actually worth, but for the fact that he, after he had commenced to work as cook, signed shipping articles,

whereby he, as is alleged, agreed to work for 25 cents per month. The previous agreement to carry him from Philadelphia home for such work as a landsman working his passage might by custom be called on to perform, clearly did not contemplate his services as a regular cook; and, upon his performing such services a new contract was implied, whereby the master of the schooner would be obligated to pay cook's wages. This the master knew. He therefore had the libelant sign the shipping articles referred to. If these are binding upon libelant the case would be decided against him. But I am of the opinion that they are not. Libelant cannot read. He signed by mark ; and the articles were not read to him, nor was he informed of their contents. He was simply told to sign, and obeyed. In no sense could this be considered a binding contract. Between persons *sui juris* it would be set aside in equity. Much more will it be disregarded by a court of admiralty when made by a seaman, who is treated by the court as under its peculiar protection, and particularly when made by him on ship-board, while under the control of the officers of the vessel.

The alleged special contract being out of the way, the remaining question is what libelant is entitled to. I do not think his services worth more than $15 per month. I fix them at that amount, as it is what he says he was paid for the voyage from Stonewall to Philadelphia. I should allow $25, which appears to be the regular rate on vessels of this class, but for the fact that libelant, though acting as a sailor, was a landsman, and liable to seasickness, which, on occasions (he says only two days; the master makes the time longer) disabled him from cooking. Judgment for libelant for $10 and costs.